

## NUMBERS
## 13-09-00388-CR
## 13-09-00389-CR
## 13-09-00390-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES REED III A/K/A JAMES REED,                    Appellant,

v.

THE STATE OF TEXAS,                                 Appellee.

### On appeal from the 252nd District Court of
### Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion by Justice Yañez**

On March 29, 2007, appellant, James Reed III a/k/a James Reed, pleaded nolo

contendere to three offenses of second-degree felony robbery.[1]  In each case, the trial court found the evidence sufficient to support appellant's guilt, deferred adjudication of guilt, and placed appellant on community supervision for eight years.[2]  The State filed a motion to revoke appellant's community supervision in each case, alleging that appellant had committed several violations of the terms of his community supervision.  At a hearing conducted on May 4, 2009, appellant pleaded "true" to two of the allegations.  On June 8, 2009, Reed was adjudicated guilty and sentenced to twenty years' imprisonment in each case.[3]  The trial court certified appellant's right to appeal in each case, and these appeals followed.[4]  We affirm in each case.

## I. *Anders* Brief

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated.  Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to

---

[1] *See* TEX. PENAL CODE ANN. §§ 12.33 (Vernon Supp. 2009), 29.02 (Vernon 2003).  Appellate cause number 13-09-388-CR is trial court cause number 95027; appellate cause number 13-09-389-CR is trial court cause number 95129; and appellate cause number 13-09-390-CR is trial court cause number 95130.  Each offense had different victims.

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009).

[3] The judgments in 13-09-389-CR and 13-09-390-CR state that the sentences are to run consecutively.  The judgment in 13-09-388-CR states that the sentence is to run "concurrently."  The record shows that the trial court ordered the sentence in 13-09-389-CR to run consecutive to the sentence in 13-09-388-CR, and the sentence in 13-09-390-CR to run consecutive to 13-09-389-CR.

[4] This appeal was transferred to this Court from the Ninth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

2

be advanced on appeal.[5]

In compliance with *High v. State*,[6] appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[7] More than an adequate period of time has passed, and appellant has not filed a pro se response.[8]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[9] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an

---

[5] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[6] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

[7] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[8] *See id.*

[9] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

3

appeal.[10]  Accordingly, we affirm the judgments of the trial court in each case.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[11]  We grant counsel's motion to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[12]

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010.

---

[10] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

[11] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).

[12] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.

4